IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA


HASKELL PEAK,                    :    CIVIL ACTION
    Petitioner,              :    NO. 05-cr-510
                      :    NO. 10-cv-3368
                      :
                      :
    v.                       :
                      :
UNITED STATES OF AMERICA,         :
    Respondent.              :


M E M O R A N D U M


EDUARDO C. ROBRENO, J.                         APRIL 19, 2011


## I.    INTRODUCTION

Petitioner seeks habeas relief pursuant to 28
U.S.C. § 2255.  Petitioner asserts three grounds for relief: (1)
ineffective assistance of counsel; (2) erroneous mandatory
application of the sentencing guidelines; and (3) actual
innocence of conviction pursuant to 21 U.S.C. §§ 846 and 841.  As
explained below, Petitioner's arguments are either meritless or
procedurally barred.  Consequently, the Court will deny
Petitioner's request for relief.


## II.    BACKGROUND

On April 25, 2006, a jury convicted Petitioner Haskell

Peak ("Petitioner") of one count of conspiracy to distribute

cocaine and cocaine base, in violation of 21 U.S.C. § 846; five

counts of distribution of cocaine, in violation of 21 U.S.C. §

841(a)(1); two counts of distribution of cocaine base, in

violation of 21 U.S.C. § 841(a)(1); seven counts of distribution

of cocaine or cocaine base within 1000 feet of a school, in

violation of 21 U.S.C. § 860; and one count of possession with

the intent to distribute cocaine, in violation of 21 U.S.C. §

841(a)(1).  Thereafter, Petitioner was sentenced to 360 months in

prison.

Petitioner directly appealed his sentence claiming that

the District Court committed procedural error by failing to give

meaningful consideration to his argument that his status as a

career offender substantially over-represented the seriousness of

his criminal history.  The United States Court of Appeals for the

Third Circuit affirmed the judgment of the District Court.


**III. DISCUSSION**


    A.    <u>Ineffective Assistance of Counsel</u>

Petitioner's first ground for relief is trial counsel's

alleged ineffective assistance.  This claim, which is assessed

under the two-pronged <u>Strickland</u> framework, is grounded in the

Sixth Amendment right to "'effective assistance of counsel'—that

is, representation that does not fall 'below an objective standard of reasonableness' in light of 'prevailing professional norms.'" Bobby v. Van Hook, 130 S. Ct. 13, 16 (2009) (quoting Strickland v. Washington, 466 U.S. 668, 686 (1984)).  Although this claim was not raised on direct appeal, the Court will consider it because, unlike other claims lodged to attack a sentence, ineffective assistance of counsel may be raised for the first time in a § 2255 motion.  Massaro v. United States, 538 U.S. 500, 504 (1998).

### 1.   Legal Standard

Under Strickland, Petitioner must make two showings to obtain relief.  First, Petitioner must show that his lawyer's performance was deficient by identifying counsel's "acts or omissions" that were outside the bounds of "reasonable professional judgment."  Strickland, 466 U.S. at 688, 690.  The Court must decide whether the acts or omissions "were outside the wide range of professionally competent assistance."  Id. at 690.  The Court judges counsel's performance based on the case-specific facts, viewed as of "the time of counsel's conduct."  Id.  Under this first prong, a petitioner "must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'"  Id. at 689 (quoting Michel v. Louisiana, 350 U.S. 91, 101 (1955)).

Second, Petitioner must show "that the deficient performance prejudiced the defense," meaning that "counsel's errors were so serious as to deprive the defendant of a fair trial" with a reliable result. Id. at 687. Petitioner must therefore show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. A reasonable probability is defined as "a probability sufficient to undermine confidence in the outcome." Id. at 669.

### 2. Application

Petitioner states that his ineffective assistance argument is based on trial counsel's failure to call Ronald Ruffin ("Ruffin") to testify that Defendant did not sell crack cocaine. The record, however, conclusively demonstrates that Petitioner is not entitled to § 2255 relief on this basis.

During trial, the Government's witness, Sandra Willadsen ("Willadsen"), testified about her role as the intermediary for five transactions involving crack cocaine and cocaine between the Defendant and law enforcement. (Trial Tr. 6-34, April 24, 2006.) Willadsen's direct examination establishes three things: (1) she procured crack cocaine and/or cocaine from Petitioner on June 17, July 7, July 28, and August 11, 2004; (2) she paid Defendant for the drugs on each occasion with money law

4

enforcement officials provided her; and (3) after each transaction she received payment from the Defendant and the officials for acting as an intermediary. (Id.) On cross, Willadsen discussed how she met Petitioner. (Id. at 60:6-25.) Willadsen explained that she had a romantic relationship with Ruffin, a relative of Petitioner. (Id. at 60:6-11.) Additionally, Willadsen stated that during the time of the drug sales at issue, Ruffin was incarcerated for selling drugs. (Id. at 60:14-22.)

Petitioner argues that his counsel was ineffective because he did not put Ruffin on the stand to rebut Willadsen's testimony. Petitioner states that if Ruffin was put on the stand he would have discredited Willadsen's testimony by stating that Petitioner did not sell crack cocaine. (Second Pet. 6; Pet.'r's Reply 2; Ruffin Affidavit.) Petitioner states that if Ruffin was permitted to testify "[t]he jury would have returned a verdict of not guilty for the cocaine base (crack) . . . which would have resulted in a lesser sentence." (Pet.'r's Reply 3.)

"Judicial scrutiny of counsel's performance must be highly deferential." Strickland, 466 U.S. at 689. Based on the deference afforded counsel's decisions, Petitioner has not provided sufficient evidence to overcome the presumption that the challenged act was sound trial strategy. On cross examination, it was established that Ruffin was in jail at the time of the

5

crack cocaine and cocaine sales in question.  Therefore, Ruffin

could not have been present during any of the drug transactions

in question.  Based on this information, it was reasonable for

Defense counsel not to put Ruffin on the stand to testify that

Petitioner did not sell crack cocaine because Ruffin could not

have testified credibly and based on firsthand knowledge.

Moreover, it was established that Ruffin was a convicted drug

dealer.  Undoubtedly, the Government would have attacked Ruffin's

credibility and his character.  Under these facts, Defense

counsel's decision not to call Ruffin to testify at Petitioner's

trial was not objectively unreasonable.


     B.    <u>Erroneous Mandatory Application of the Sentencing
Guidelines</u>

Petitioner's second ground for relief focuses on his

sentencing.  Petitioner argues that this Court erroneously

applied the sentencing guidelines as if they were mandatory.

(Second Pet. 7; Pet.'r's Reply 4 ("the trial and sentencing

attorney did not argue specifically about the prohibition of the

mandatory use of the guidelines . . . .").)  A review of the

trial transcript, however, reveals that the Court never indicated

that it was applying a sentence within the guideline range

because it believed the guidelines were mandatory.  Rather, the

transcript shows that the sentence was crafted after careful

consideration of the guidelines and the factors found in 18

U.S.C. § 3553(a).  (Sentencing Tr. 26-28, August 16, 2006.)

Petitioner has failed to provide any evidence from which one

could conclude that the Court applied the guidelines as if they

were mandatory.

Moreover, Petitioner directly appealed his sentence

and, after examining the record, the Third Circuit held that "the

record reflects due consideration of Peak's individual

circumstances within the framework established by Congress in 18

U.S.C. § 3553(a)."  United States v. Peak, 335 F. App'x 189, 190

(3d Cir. 2009).  Accordingly, Defendant's argument that the Court

erroneously applied the sentencing guidelines as if they were

mandatory is meritless.


   C.   Actual Innocence of Conviction Pursuant to 21 U.S.C. §§
        846 and 841

Petitioner's third ground for relief is based on

alleged actual innocence of conspiracy to distribute cocaine base

and distribution of the same.  Petitioner argues that the

evidence provided at trial is insufficient to support his

conviction pursuant to 21 U.S.C. §§ 246 and 841.  Additionally,

Petitioner states that there is evidence that was not presented

at trial which, if presented, would have exonerated him from his

conviction for the conspiracy and distribution of cocaine base.


   1.   Legal Standard

Generally, if a claim has not been raised on direct review, "it is procedurally defaulted and the habeas court will not adjudicate it absent countervailing equitable considerations[,]" such as "actual innocence or cause and prejudice[.]" Withrow v. Williams, 507 U.S. 680, 721 (1993) (Scalia, J., concurring); see also Hodge v. United States, 554 F.3d 372, 378-79 (3d Cir. 2009) ("Because collateral review under § 2255 is not a substitute for direct review, a movant ordinarily may only raise claims in a 2255 motion that he raised on direct review.") (citing Bousley v. United States, 523 U.S. 614, 621 (1998)). Thus, a movant will be deemed to have procedurally defaulted on all of the claims that he failed to raise on direct appeal. Id. However, a petitioner will be excused from procedural default for failure to raise an issue on direct appeal if he can prove that he is "actually innocent of the crime for which he was convicted." Hodge, 554 F.3d at 379.

To establish actual innocence, a petitioner must show that, in light of all of the evidence in the case, "it is more likely than not that no reasonable juror would have convicted him." United States v. Davies, 394 F.3d 182, 191 (3d Cir. 2005) (internal quotations and citations omitted); see also Bousley, 523 U.S. at 623 (noting that a petitioner's collateral claim may be reviewed if he can establish that a "constitutional error . . . 'has probably resulted in the conviction of one who is actually innocent.'") (quoting Murray v. Carrier, 477 U.S. 478, 496

(1986)).  To demonstrate actual innocence a petitioner must

present new, reliable evidence of his innocence that was not

presented at trial.  Schlup v. Delo, 513 U.S. 298, 321-22 (1995).

The court must consider the evidence of innocence presented along

with all the evidence in the record, even that which was excluded

or unavailable at trial.  Id. at 327-28.  Once all this evidence

is considered, the petitioner's defaulted claims can only be

reviewed if the court is satisfied "that it is more likely than

not that no reasonable juror would have found petitioner guilty

beyond a reasonable doubt."  Id. at 327.


### 2.    Application

On direct appeal, Petitioner did not request relief on

account of there being insufficient evidence to support his

conspiracy and distribution convictions; therefore, this claim is

procedurally defaulted.  See Peak, 335 F. App'x at 189

(requesting relief based on alleged erroneous application of

sentencing guidelines).  Petitioner's addition of the words

"actual innocence" in front of his claim does not change this

fact.

Petitioner's claim of actual innocence is premised on

the fact that "[t]he indictment does not list any names of co-

conspirators, nor does the indictment plead the dates, times,

persons, and places where this conspiracy began and ended."

9

(First Pet. 17.)  This argument does not assert any new evidence;

consequently, this is a claim of legal insufficiency rather than

actual innocence.  Additionally, Petitioner argues that there are

three pieces of evidence which were not presented at trial but

would establish Petitioner's actual innocence: (1) a proffer from

Government witness Willadsen which states that Petitioner

supplied Willadsen and Ruffin with cocaine and marijuana; (2) the

testimony of Ruffin; and (3) a recording made by a confidential

informant during one of the drug transactions identified in the

indictment.  Since this evidence was not presented at trial, it

qualifies as "newly presented" evidence.  See Davies, 394 F.3d at

191 ("'New' evidence in this context does not necessarily mean

'newly' discovered evidence.").  However, even if this evidence

was presented at trial, the Court is not satisfied that its

introduction would make it more likely than not that no

reasonable juror would have found petitioner guilty beyond a

reasonable doubt.

       In the proffer, Willadsen states that Petitioner sold

cocaine and marijuana.  Petitioner argues that this proffer

suggests that he only dealt in soft cocaine.  The proffer does

not differentiate between hard and soft cocaine.  After reading

Willadsen's trial testimony, in conjunction with the proffer, it

is reasonable to assume that Willadsen's use of the word

"cocaine," in the proffer, refers to both hard and soft cocaine.

During Willadsen's testimony it appears that she uses the terms cocaine, crack cocaine, and powder cocaine interchangeably. For example, during her direct examination, Willadsen stated that, on June 17, 2004, she was "buying crack cocaine and powder cocaine, two ounces." (Trial Tr. 14:22-25, 15:1.) Later, Willadsen was asked what she meant by her reference to "two oz[,]" as indicated on a recording of the events that transpired on June 17, 2004. In response, Willadsen stated that she was referring to "cocaine." (Trial Tr. 15:14-22.) Consequently, the two ounces which she referred to as "cocaine" are the same two ounces she referred to as "crack cocaine and powder cocaine" when describing what she was trying to purchase on June 17, 2004.

Moreover, any harm suffered by Petitioner based on the fact that the proffer was not produced at trial is minimal given that the author of the proffer was produced at trial–Willadsen testified and was subject to cross examination. Consequently, the production of this evidence would not make it more likely than not that a reasonable jury would not have convicted Petitioner.

As to the testimony of Ruffin, Petitioner has not established that it is more likely than not that no reasonable jury would have found Petitioner guilty if Ruffin had been presented to testify that Petitioner did not distribute hard cocaine. Ruffin's testimony would have been contrary to

Willadsen's thus the jury would have had to decide which party to believe.  Given that Ruffin was in jail during the time of the events in question and, unlike Willadsen, did not have first hand knowledge of the crimes to which Petitioner was being tried, it is not more likely that a jury would have discredited Willadsen based on Ruffin's testimony.

Finally, Petitioner provides part of a transcript from a recording of one of the drug transactions listed in the indictment.  Petitioner argues that this recording establishes that he did not provide hard cocaine because, on this one occasion, he was continually asked for hard cocaine but kept stating that all he had was soft cocaine.  (Pet.'r's Reply 19.) Petitioner argues that this recording proves that he is "actually and factually innocent of the cocaine base offenses."  (Id. at 8.)  Petitioner's argument, however, is lacking given that this one recording only speaks to one of the various drug transactions upon which the conviction for conspiracy to distribute cocaine base and distribution of the same is premised.  (Indictment at Counts 1, 6, 7, 16, 17.)  Consequently, these few lines from one recording are insufficient to meet the high actual innocence standard established in Schlup.

Based on the foregoing, the Court finds that Petitioner's third ground for relief is procedurally defaulted.

12

**IV. CONCLUSION**

Based on the aforementioned, Petitioner's request for relief pursuant to 28 U.S.C. § 2255 will be denied.